UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.

|  |  |  |
|---|---|---|
| WANSHEN LI and QING SHI RUAN, <br> Plaintiffs <br><br> vs. <br><br> MW SOUTH STATION, INC., <br> AUBURN FOODS, INC., <br> BSC CORNER MALL, INC., and <br> DONALD C. WONG, <br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) | COMPLAINT |

## **INTRODUCTION**

1. This is an action seeking payment of back wages due to low wage workers under federal and state law for work performed at a chain of restaurants known as Master Wok.

2. Plaintiffs, Wanshen Li and Qing Shi Ruan, worked as cooks in Defendants' restaurants located in Auburn, South Station/Boston, and Downtown Crossing/Boston. They routinely worked 55 to 69 hours per week

3. Plaintiffs' employers, MW South Station, Inc., Auburn Foods, Inc., BSC Corner Mall, Inc. and Donald C. Wong (collectively referred to as "the Employers") deliberately failed to pay Plaintiffs all of their earned wages, the minimum wage rate and the overtime rate (i.e., time and a half) for all hours worked over 40 hours per week as required by state and federal law.

## JURISDICTION

4. Jurisdiction is conferred on this court under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This court has supplemental jurisdiction over Plaintiffs' Massachusetts Wage Act claims pursuant to 28 U.S.C. § 1367.

## PARTIES

**Plaintiffs**

5. Plaintiff WANSHEN LI is a resident of the state of New York, and was formerly employed by MW South Station, Inc. and Auburn Foods, Inc. in Massachusetts.

6. Plaintiff QING SHI RUAN is a resident of the Commonwealth of Massachusetts, and was formerly employed by MW South Station, Inc. and BSC Corner Mall, Inc. in Massachusetts.

**Defendants**

7. Defendants MW SOUTH STATION, INC., AUBURN FOODS, INC., BSC CORNER MALL, INC. are part of an enterprise of fast food restaurants operated by Defendant DONALD C. WONG.

8. Defendant MW SOUTH STATION, Inc. is a for-profit corporation organized under the laws of the Commonwealth of Massachusetts.

9. At all times relevant to this dispute, MW South Station was doing business as "Master Wok" at 100 Summer Street, Boston, Massachusetts.

10. The name and address of MW South Station's Resident Agent is Mei Juan Han, 173 Perry Avenue, Worcester, Massachusetts 01610.

11. Defendant AUBURN FOODS, INC. is a for-profit corporation organized under the laws of the Commonwealth of Massachusetts.

12. At all times relevant to this dispute, Auburn Foods was doing business as "Master Wok" at Auburn Mall Food Court, 385 Southbridge Street, Auburn, Massachusetts.

13. The name and address of Auburn Foods, Inc.'s Resident Agent is Su Zhen Zheng, One Lantern Lane, Burlington, Massachusetts 01610.

14. Defendant BSC CORNER MALL, INC. is a for-profit corporation organized under the laws of the Commonwealth of Massachusetts.

15. At all times relevant to this dispute, BSC Corner Mall, Inc. was doing business as "Bourbon Street Cafe" at Corner Mall Food Court, 417 Washington Street, Boston, Massachusetts 02108.

16. The name and address of BSC Corner Mall, Inc.'s Resident Agent is Mei Juan Han, 173 Perry Avenue, Worcester, Massachusetts 01610.

17. Defendant DONALD C. WONG is a resident of South Plainfield, New Jersey.

18. Defendant Wong was the president and treasurer of each of the three corporate defendants, MW South Station, Inc., Auburn Foods, Inc., and BSC Corner Mall, Inc. at all relevant times.

**FACTUAL ALLEGATIONS**

19. Plaintiff Li worked for Defendant Wong from on or about April 1, 2006 until on or about August 4, 2013.

20. Initially, Plaintiff Li worked for Auburn Foods, Inc., known as "Master Wok Worcester" or "Store #22."

21. After working roughly six months in the Worcester area, Plaintiff Li was transferred to MW South Station, known as "Master Wok South Station" or "Store #93". Plaintiff Li continued to work at MS South Station until on or about August 4, 2013.

22. Defendants hired Plaintiff Li to work as a full-time cook. Plaintiff Li performed tasks of a cook, such as ordering supplies, preparing food, and cooking.

23. At the start, Defendants paid Plaintiff Li about $760.00 every two weeks. In or about 2008, his biweekly pay increased to about $930.00, and his biweekly pay increased to roughly $1,090.00 in or about 2009. Sometime in 2010, his biweekly pay increased to approximately $1,113. Plaintiff Li's final rate of pay, from some time in 2011 until he resigned in 2011, was about $1,173.

24. Plaintiff Li routinely worked 55 or 66 hours per week (i.e., 15 or 26 overtime hours per week) for Defendants. Defendants failed to pay Plaintiff Li any additional compensation or an overtime premium for any of the hours that he worked over forty hours per week.

25. From on or about April 1, 2006 until June 30, 2013, Defendants provided Plaintiff Li with a housing benefit which induced him to leave his family in New York in order to work for Master Wok in Massachusetts. The housing benefit consisted of a shared room in an apartment paid for by Defendants.

26. Defendants unilaterally terminated this housing benefit effective June 30, 2013.

27. Plaintiff Li paid $200.00 to the manager of MW South Station to stay in the apartment for one addition month (i.e., July 2013).

28. Plaintiff Qing Shi Ruan worked for Defendant Wong and MW South Station, Inc. from on or about December 1, 2006 to on or about October 31, 2013.

29. Plaintiff Ruan worked for Defendant Wong and BSC Corner Mall, Inc., known as "Bourbon Street Cafe" or "Store # 43," from on or about March 1, 2014 through on or about August 31, 2014.

30. Defendants hired Plaintiff Ruan to serve as a full-time cook. Plaintiff Ruan performed tasks of a cook, such as food preparation and cooking.

31. At the start, Defendants paid Plaintiff Ruan about $850.00 biweekly. In or about 2008, his biweekly pay increased to about $973.58. When Plaintiff Ruan transferred to Store #43 in the Corner Mall, his biweekly pay increased to $1,062.50.

32. Plaintiff Ruan routinely worked 69 hours per week (i.e., 29 overtime hours per week) for MW South Station, but Defendants ordinarily paid him for only 50 hours per week. On information and belief, Defendants deducted meal breaks from Plaintiff Li's compensable time, although he was not permitted to take proper meal breaks.

33. Plaintiff Ruan routinely worked 56.5 hours per week for BSC Corner Mall, Inc., but Defendants ordinarily paid him for only 55 hours per week.

34. Plaintiffs Li and Ruan make three general allegations: (1) the Defendants did not pay them all earned wages, (2) the Defendants paid them below the minimum wage, and (3) the Defendants did not pay them time-and-a-half for her overtime hours for all hours worked over forty hours per week.

35. At all times, Plaintiffs worked continuously, diligently and effectively on behalf of the Defendants.

36. The Defendants knew that Plaintiffs worked 55 to 69 hours per week for the Defendants.

37. The Defendants did not permit Plaintiffs to take a 30 minute meal breaks even though Defendants knew that Plaintiffs routinely worked eleven or more hours per day.

38. The Defendants' policy and practice was to deduct meal breaks from Plaintiffs' compensable time, even when Plaintiffs were not allowed to take undisturbed meal breaks or to leave the workplace.

39. As a result, the Defendants failed, refused and neglected to compensate Plaintiffs and other employees for all hours worked, to pay the state minimum wage of $8.00 per hour for their work after January 1, 2008, to compensate them time-and-a-half for overtime hours, and to compensate them for all hours worked.

40. The Defendants knowingly, willfully and in bad faith failed, refused and neglected to pay Plaintiffs properly and on a timely basis all of the wages due them, with either an evil motive or with a reckless disregard for Plaintiffs' rights.

41. The Defendants knowingly, willfully and in bad faith failed to post in a conspicuous place, mandatory workplace notices issued by the Commonwealth and the United States, containing the basic minimum wage rates and other labor law provisions.

42. Plaintiffs have satisfied all prerequisites and conditions precedent necessary to seek remedy against the Defendants by this action.

43. Plaintiffs Wanshen Li and Qing Shi Ruan filed wage complaints with the Massachusetts Office of the Attorney General on June 19, 2015.  The Massachusetts Office of the Attorney General issued a private right of action letter to Plaintiffs Li and Ruan.

## CLAIMS FOR RELIEF

## COUNT ONE

### Fair Labor Standards Act (Non-Payment and Overtime)

44. Plaintiffs repeat and incorporate the allegations contained in paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. At all times relevant to this Complaint, the Defendants constituted either a single enterprise and/or joint employers and/or successor employers of Plaintiffs within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

46. At all times relevant to this Complaint, Plaintiffs were "employees" of Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e).

47. At all times relevant to this Complaint, Defendants "employed" Plaintiffs, suffering or permitting them to work within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(g).

48. Defendants failed to pay time-and-a-half to Plaintiffs for all hours for which overtime wages are required, in violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

49. Defendants' failures to provide required compensation for all hours worked by Plaintiffs were repeated, willful and intentional violations of the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207, and were not made in good faith.

50. As a result of Defendants violation of the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation. 29 U.S.C. § 216(b).

## COUNT TWO

**Mass. Gen. Laws ch. 149, § 148 and 150 (Non-Payment of Wages)**

51. Plaintiffs repeat and incorporate the allegations contained in paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52. At all times relevant to this Complaint, Defendants were "employers" of Plaintiffs within the meaning of the Massachusetts Wage Act, Mass. Gen. Laws ch. 149 and 151.

53. At all times relevant to this Complaint, Defendants constituted a single employer and/or joint employers and/or successor employers of Plaintiffs within the meaning of Massachusetts Wage Act, Mass. Gen. Laws ch. 149 and 151.

54. At all times relevant to this Complaint, Plaintiffs were "employees" of Defendants within the meaning of Massachusetts Wage Act, Mass. Gen. Laws ch. 149 and 151.

55. At all times relevant to this Complaint, Defendants employed Plaintiffs, suffering or permitting them to work within the meaning of Massachusetts Wage Act, Mass. Gen. Laws ch. 149 and 151.

56. Defendants failed to pay all wages due to Plaintiffs for such work in violation of the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148.

57. Such failures constituted outrageous conduct, made knowingly and willfully, because of Defendants' evil motive or reckless indifference to the Plaintiffs' rights.

58. As the President and Treasurer of the corporate defendants, Defendant Wong is the employer of Plaintiffs for purposes of the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148.

59. As a result of Defendants' violation of the Massachusetts Wage Act, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with mandatory treble damages, attorneys' fees and costs of litigation.  Mass. Gen. Laws ch. 149, § 150.

## COUNT THREE

**Mass. Gen. Laws ch. 151, §§ 1 and 20 (Minimum Wage)**

60. Plaintiffs repeat and incorporate the allegations contained in paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61. Defendants failed to pay minimum wages to Plaintiffs and Class Members for all work performed, in violation of the Massachusetts Wage Act, Mass. Gen. Laws ch. 151, § 1.

62. As a result of Defendants violation of the Massachusetts Wage Act, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with mandatory treble damages, attorneys' fees and costs of litigation. Mass. Gen. Laws ch. 151, § 20.

## **DEMAND FOR JUDGMENT**

WHEREFORE, Plaintiffs pray that this Court grant relief in their favor, and against Defendants on a joint and several basis, as follows:

1. Award Plaintiffs actual damages, liquidated or treble damages, punitive damages and pre-judgment interest as a result of the wrongful conduct complained of herein;

2. Award injunctive relief prohibiting Defendants from continuing to engage in the illegal practices described herein;

3. Award Plaintiffs their costs and expenses in this litigation, including reasonable attorneys' fees and expert fees; and

4. Provide such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs request a trial by jury on their claims.

    Respectfully submitted,
    WANSHEN LI
    QING SHI RUAN
    Plaintiffs

    By their attorney,

    /s/Cynthia Mark
    Cynthia Mark, BBO No. 567487
    Greater Boston Legal Services
    197 Friend Street
    Boston, MA  02114
    (617) 603-1720
    cmark@gbls.org

Dated:  July 16, 2015